FILED ___ LODGED
___ RECEIVED ___ COPY

AUG 3 1 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
for the
District of Arizona
_____ Division

| | |
|---|---|
| Lauren Sofranko<br>_____<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>-v-<br>Springstone Health Opco, LLC dba Copper Springs East<br>_____<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. **CV23-01828-PHX-DWL**<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☒ Yes  ☐ No |

# COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Lauren Sofranko |
| Street Address | 849 W Trellis Rd |
| City and County | Queen Creek |
| State and Zip Code | AZ 85140 |
| Telephone Number | 480-579-9779 |
| E-mail Address | la.sofrank20@gmail.com |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
- Name: Springstone Health Opco, LLC dba Copper Springs East
- Job or Title *(if known)*: n/a
- Street Address: 330 Seven Springs Way
- City and County: Brentwood, Williamson
- State and Zip Code: TN 37027
- Telephone Number: 615-920-7000
- E-mail Address *(if known)*:

Defendant No. 2
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 3
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 4
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:

        Telephone Number

        E-mail Address *(if known)*

**C. Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Copper Springs East |
| Street Address | 3755 S Rome St |
| City and County | Gilbert, Maricopa |
| State and Zip Code | AZ 85297 |
| Telephone Number | 480-667-5500 |

**II. Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

       *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

       *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

       *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒     Other federal law *(specify the federal law)*:
       Title I of the Americans with Disabilities Act, wrongful (retaliatory) termination

☒     Relevant state law *(specify, if known)*:
       Arizona Civil Rights Act, Arizona statute 23-1501

☐     Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**III.  Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☒ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.  It is my best recollection that the alleged discriminatory acts occurred on date(s)
06/22/2022, 7/12/2022, 7/26/2022, 8/17/2022, 8/23/2022, 8/26/2022, 8/31/2022, 9/1/2022, 9/3/2022, 9/9/2022, 9/14/2022

C.  I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D.  Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age (year of birth) _____ *(only when asserting a claim of age discrimination.)*
- ☒ disability or perceived disability *(specify disability)*
  craniocervical instability, dysautonomia, postural orthostatic tachycardia syndrome, intestinal malrotation

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

E.  The facts of my case are as follows. Attach additional pages if needed.

A. On or around August 30, 2021, I began my employment with Defendant as a Registered Nurse. My work performance has always been satisfactory.

B. I have attempted to reach out to Defendant's Human Resources several times since February 2022 for a variety of issues, and have never received a response.

C. On or around June 21, 2022, I requested to take July 5, 2022 off for a medical appointment related to my disability. My request was denied by Defendant's Director of Nursing (DON) Jan White ("White"). White denying my request subsequently caused me to receive a write-up and lose out on additional holiday pay.

D. On or around July 12, 2022, I contacted Defendant's Human Resources twice to request the ability to keep water at my workstation and to lower the temperature in the building as reasonable accommodations for my disability. I have not received a reply to this day.

E. On or around August 17, 2022, I provided Defendant with a request to be moved to an as needed or "PRN" status starting September 1, 2022 and I asked whom I could meet with to complete the request as no Human Resources personnel were employed at Copper Springs East at that time. As of 2:00pm on August 17, 2022, Defendant had removed me from the schedule completely for any time after August 31, 2022. Defendant's DON and Nurse Manager Kara Markowski ("Markowski") never responded to my request and never provided direction on whom I could meet with to make the change to PRN official.

F. On August 23, 2022 I called off three hours prior to the start of my shift due to medical reasons. The call off was placed to House Supervisor Deanna Kingery ("Kingery"), per Springstone policy. Kingery was argumentative, dismissive, and intially did not accept my call off. All aspects of my call off followed Defendant's policy. Yet, Kingery engaged in unequal treatment towards me by insisting I needed to call the DON or the Nurse Manager and cited other reasons for initially not allowing the call off in which she directly violated Defendant's policies.

G. On August 23, 2022 I called the Springstone compliance hotline and filed a compliance complaint.

H. On or around August 26, 2022, Defendant's Senior Director of Operations, Mary Jayne Lacey ("Lacey") inquired about my compliance call and we discussed my concerns in greater detail. During this phone conversation Lacey advised that some of the concerns I reported are new but that some are not and have been addressed previously. She assured me she would follow-up. Nothing was ever done to rectify my complaint.

I. On August 31, 2022, between 6:30pm to 8:00pm, Defendant's House Supervisor Darcie Englund ("Englund") approached me and inquired about my employment status numerous times and rephrased the question in several ways. Each time she questioned this I directed her to discuss it with White and Markowski. Her inquiry was questionable as I had already made her aware approximately 1-2 weeks prior that I had requested to go PRN but had yet to hear back from the DON and Nurse Manager in which her response at that time was that she would be speaking to the Nurse Manager about this. Witnesses to Englund's actions that evening also recognized her persistence on this subject as unusual and suspicious.

J. On or around August 31, 2022, I was called into the office of Defendant's House Supervisors Englund and Blessy Daniel ("Daniel") and given a Final Written Warning for the amount of time I had called out, which I oppose as several of those absences should not have been considered for disciplinary action per Defendant's policies. Shortly after this interaction I returned to my assigned unit and Englund approached me apologizing for the write-up and advised upper management "made her do it", and that she disagreed with it. I voiced my concerns about the discriminatory treatment I had been subjected to at that time. Englund advised she would be speaking with the Chief Executive Officer, Jeff Serrano ("Serrano") first thing in the morning regarding this. I have never heard from Serrano to this day.

SEE ADDITIONAL PAGE (ATTACHED)

K. On or around September 1, 2022, I emailed Lacey complaining about the discrimination and retaliation I faced, and concerns about the lack of follow-up to my compliance complaint that was originally discussed August 26, 2022. Lacey replied that she would be speaking with Markowski, White, and Serrano about my complaints and get back to me. I have yet to hear back from Lacey.

L. On or around September 8, 2022, the Defendant's Vice President of Human Relations Crystal McIntyre ("McIntyre") advised me via email that Lacey had reported that I was no longer interested in working with her to resolve my compliance line concerns, which I oppose as I never made any such statement.

M. On or around September 9, 2022, I reached out to McIntyre and inquired about my employment status once again. McIntyre informed me that I had been terminated for job abandonment, which I oppose as I had not been scheduled to appear any time after August 31, 2022. This also does not align with Defendant's policy that defines "job abandonment." I believe this is pretext and that I was terminated for having opposed practices made unlawful.

N. I believe and therefore allege that Defendant discriminated against me because of my disability and subsequently terminated from my employment for opposing a practice made unlawful.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

November 8th, 2022

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)*   7/5/2023   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

A. Monetary Relief: $300,000 in compensatory and punitive damages. The compensatory damages are for the discrimination and retaliation I faced. The punitive damages are for the unequal treatment I was subject to as the Defendant continued to violate their own written policies at the upper management and corporate level. $123,000 for emotional distress/worsening health caused by this event. I will always fear retaliation if coming forward about my medical condition and requesting accommodations in the workplace, which has resulted in me working in conditions that are difficult and increase symptoms of my medical condition. $250,000 for wrongful termination. Total amount of relief sought: $673,000

B. Other relief: The termination of Defendant's CEO- Jeff Serrano, VP of Human Relations- Crystal McIntyre, and Senior Director of People Operations- Mary Jayne Lacey. The Defendant should have required courses and/or continuing education for upper management at the facility level and corporate level on disabilities, compliance with ADA, intermittent FMLA, medical accommodations and engagement in the interactive process. The Defendant needs to put a "policy" in place and provide clear direction to all employees on who the point of contact is and how to reach them when there are no Human Resources employed at a specific location.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   8/31/2023

Signature of Plaintiff   *[signature]*
Printed Name of Plaintiff   Lauren Sofranko

### B. For Attorneys

Date of signing:   _____

Signature of Attorney   _____
Printed Name of Attorney   _____
Bar Number   _____
Name of Law Firm   _____
Street Address   _____
State and Zip Code   _____
Telephone Number   _____
E-mail Address   _____